CASE NO. 8:25-cv-2128-MSS-LSG

KRISTINA R. JOHNSON,

Plaintiff,

v.

SECURITY CREDIT SERVICES, LLC, Defendant.

FILED - USDC - FLMD - TPA
AUG 11 2025 AM 8:59

UNITED STATES DISTRICT COURT MIDDLE DISTRICT OF FLORIDA

JURY TRIAL DEMANDED

TAMPA DIVISION

**COMPLAINT FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT**
**(15 U.S.C. § 1681 et seq.)**

Plaintiff Kristina R. Johnson, appearing pro se, brings this action against Defendant Security Credit Services, LLC, for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., and alleges as follows:



$405
TPA72740

## I. JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, as this action arises under federal law, specifically the FCRA, 15 U.S.C. § 1681 et seq.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), as Plaintiff resides in this District, a substantial part of the events or omissions giving rise to the claims occurred in this District, and Defendant transacts business in this District by furnishing information to consumer reporting agencies that affects consumers in this District.

## II. PARTIES

3. Plaintiff Kristina R. Johnson is a natural person and a "consumer" as defined by 15 U.S.C. § 1681a(c). Plaintiff resides at 2329 Newton Drive, Palm Harbor, Florida 34683. 4. Defendant Security Credit Services, LLC ("SCS") is a limited liability company organized under the laws of Mississippi, with its principal place of business at 306 Enterprise Drive, Oxford, Mississippi 38655. Defendant is a "furnisher" of information to consumer reporting agencies as defined by 15 U.S.C. § 1681s-2 and regularly engages in the business of debt collection and furnishing consumer credit information to consumer reporting agencies, including Experian Information Solutions, Inc. ("Experian"). Defendant may be served with process at its principal place of business or through its registered agent.

## III. FACTUAL ALLEGATIONS

5. On or about July 7, 2025, during a routine review of her credit report, Plaintiff discovered that Defendant was furnishing inaccurate information to Experian, reporting an alleged

collection account in Plaintiff's name with an account number of 51442TX and a balance of $1,905 (the "Disputed Account").

6. Plaintiff has never entered into any agreement with Defendant, has never done business with Defendant, and does not owe any debt to Defendant. The Disputed Account is wholly inaccurate and does not belong to Plaintiff.

7. On or about July 7, 2025, Plaintiff disputed the accuracy of the Disputed Account with Experian via certified mail (tracking number 9505 5141 6294 5189 0044 77), providing detailed information about the inaccuracy and requesting that Experian investigate and delete the Disputed Account pursuant to 15 U.S.C. § 1681i.

8. On or about the same date, Plaintiff sent a separate letter directly to Defendant via certified mail (tracking number 95889 0710 5270 3021 0370 76), requesting account level documentation substantiating the Disputed Account under the FCRA, including proof of Defendant's ownership or chain of assignment of the alleged debt. Plaintiff's letter to Defendant did not reference the Fair Debt Collection Practices Act ("FDCPA") or request validation under 15 U.S.C. § 1692g.

9. Upon receipt of Plaintiff's dispute, Experian was required to notify Defendant of the dispute pursuant to 15 U.S.C. § 1681i(a)(2), triggering Defendant's duties as a furnisher under 15 U.S.C. § 1681s-2(b).

10. On or about July 23, 2025, Experian responded to Plaintiff's dispute, stating that the Disputed Account had been "verified" and would remain on her credit report. Experian's response indicates that Defendant, upon notification of the dispute, failed to conduct a reasonable investigation, as the inaccurate information was not corrected or deleted.

11. On or about the same date, Defendant responded to Plaintiff's direct letter, stating that it

would not verify the debt under 15 U.S.C. § 1692g (the FDCPA validation provision). Defendant's response ignored Plaintiff's explicit request for FCRA-compliant documentation and chain of assignment, instead referencing an inapplicable statute that Plaintiff never invoked. Defendant provided no account-level documentation, no proof of ownership, and no evidence substantiating the Disputed Account.

12. Defendant's response evidences a sham or unreasonable investigation under 15 U.S.C. § 1681s-2(b), as it misunderstood or disregarded the nature of Plaintiff's FCRA dispute, failed to review relevant information, and continued to furnish the inaccurate Disputed Account to Experian without correction. Defendant's actions were negligent at minimum and willful, demonstrating reckless disregard for its statutory obligations.

13. As a direct and proximate result of Defendant's violations, Plaintiff has suffered actual damages, including but not limited to: severe anxiety, restlessness, loss of appetite leading to hunger, emotional distress, and multiple denials of credit applications due to the inaccurate reporting of the Disputed Account. These harms constitute concrete and particularized injuries traceable to Defendant's conduct.

## IV. CAUSE OF ACTION: VIOLATION OF THE FAIR CREDIT REPORTING ACT (15 U.S.C. § 1681s-2(b))

14. Plaintiff incorporates by reference the allegations in paragraphs 1 through 13 as if fully set forth herein.

15. Defendant is a furnisher of information subject to the requirements of 15 U.S.C. § 1681s 2(b).

16. Upon notification from Experian of Plaintiff's dispute, Defendant was required to: (a)

conduct a reasonable investigation with respect to the disputed information; (b) review all relevant information provided by Experian; (c) report the results of the investigation to Experian; and (d) if the investigation found the information inaccurate or incomplete, report those results to all consumer reporting agencies to which Defendant had furnished the information, and modify, delete, or permanently block the reporting of the inaccurate information.

17. Defendant violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to conduct a reasonable investigation of the Disputed Account, as evidenced by its erroneous response referencing the wrong statute, its failure to provide substantiating documentation, and its continued furnishing of inaccurate information.

18. Defendant violated 15 U.S.C. § 1681s-2(b)(1)(B)-(E) by failing to review relevant information, report accurate results, and correct or delete the inaccurate Disputed Account.

19. Defendant's violations were negligent, entitling Plaintiff to actual damages and costs under 15 U.S.C. § 1681o.

20. In the alternative, Defendant's violations were willful or reckless, entitling Plaintiff to actual damages, statutory damages of $1,000, punitive damages, and costs under 15 U.S.C. § 1681n. Defendant's sham investigation and disregard for Plaintiff's FCRA rights demonstrate willfulness.

## V. DAMAGES

21. As a result of Defendant's violations, Plaintiff has suffered actual damages in excess of $5,000, including emotional distress (anxiety, restlessness, and loss of appetite), harm to

creditworthiness, and denials of credit. Plaintiff seeks statutory damages of $1,000 and punitive damages in an amount to be determined by the Court to deter future violations.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant as follows:

a. Actual damages pursuant to 15 U.S.C. §§ 1681n and 1681o;

b. Statutory damages of $1,000 pursuant to 15 U.S.C. § 1681n;

c. Punitive damages pursuant to 15 U.S.C. § 1681n;

d. Costs of suit pursuant to 15 U.S.C. §§ 1681n and 1681o;

e. A declaration that the Disputed Account is inaccurate and an order directing Defendant to delete it from all consumer reporting agencies; and

f. Such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Dated: August 6, 2025

Respectfully submitted,

*/s/*

/s/ Kristina R. Johnson

Kristina R. Johnson, Pro Se
2329 Newton Drive

Palm Harbor, Florida 34683

Email: kristinajohnson552@outlook.com